No. 1607.—THE CINCINNATI INSURANCE COMPANY v. WILLIAM C. HARRISON and GEORGE D. HITE.

A brought suit against B on a promissory note for $590 before the trial. A filed a supplemental petition, alleging a statement of account between A and B, which he makes a part of the supplemental petition, and alleges that C, a third party, binds himself as surety of B on the indebtedness, as shown by the statement. The agreement was offered in evidence on the trial by A, and showed an indebtedness of $171, for which C became security. Held—That C was only bound as security for the amount shown to be due by the statement, and A having alleged that the agreement more fully shows the state of the case at the time the supplemental petition was filed, and having offered it in evidence on the trial, he was not entitled to recover more than the agreement showed to be due from B.

APPEAL from the Sixth District Court of New Orleans. *Duplantier, J. Hornor & Benedict,* for plaintiff and appellee. *L. Madison Day,* for defendants and appellants.

HOWE, J. The original petition in this case, filed February 28, 1866, demanded from the defendant, Harrison, the amount of $590 62, with interest, upon a promissory note, of which he was maker.

A supplemental petition, filed October 16, 1867, alleged that after the institution of the suit the defendant, Harrison, in consideration of an extension, promised to pay the claim in full, and the defendant Hite took cognizance of this agreement, and bound himself *in solido,* with Harrison for its faithful performance; that on the fourteenth September, 1866, in consideration of the sum of $19 01 paid by Hite, a further extension of six months was granted, which had expired, "all of which," the plaintiff continues, "will *more fully* and at large appear by reference to the said contract and agreement, which is hereto annexed as part hereof, and marked A," and judgment was claimed *in solido* against both defendants for the amount of the note, less the sum of $19 01 paid on account by Hite.

The defendants excepted to these petitions on the ground that there was no such corporation as the Cincinnati Insurance Company; but the case having been tried upon the merits, without the court having passed, or having been asked to pass on the exceptions, they must be considered to have been abandoned.

Upon the trial the plaintiff put in evidence the note sued on, and the "agreement and contract marked A," and the court having given judgment *in solido* against the defendants for $590 62, with interest, etc., as claimed, subject to a credit of $19 01, the defendants appealed.

We have not been favored with any brief or argument by appellants, but an examination of the record constrains us to the conclusion that the judgment must be reduced in amount.

380 SUPREME COURT OF LOUISIANA,

The Cincinnati Insurance Company v. William C. Harrison and George D. Hite.

The agreement marked "A," which is made part of the supplemental petition, and is therein stated to more fully show the state of the case at the time the supplemental petition was filed, October 16, 1867, consists in part of a statement by Harrison of his indebtedness to several insurance companies, and among others the following:

"*Sixth*—To Cincinnati Insurance Company, Cincinnati, as per bill F, $371 55. Interest at six per cent. from twentieth May, 1861, till paid."

Harrison then agrees to pay this claim and the others in full, at the termination of the extension. Hite then binds himself as surety for the faithful performance of this agreement, and lastly follows the further extension signed by the plaintiff's attorneys.

It is perfectly clear that Hite was bound as.to this plaintiff only for $371 55, with six per cent. interest from May 20, 1861; and inasmuch as the agreement was pleaded by the plaintiff, produced from its possession, declared to represent the state of affairs between the plaintiff and the defendants, a few days before the trial, and by the plaintiff put in evidence on the trial, we do not think that even as against Harrison the judgment should be for any larger sum.

It is therefore ordered and adjudged that the judgment appealed from be amended by reducing the same to the sum of three hundred and seventy-one and fifty-five one-hundredths dollars, with interest at six per cent. per annum from May 20, 1861, till paid; that as thus amended it be affirmed, and that the appellee pay the costs of this appeal.